UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MENDEZ-GARCIA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE,<br><br>　　　　　　Respondent. | No. 1:23-cv-00617-CDB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED AS MOOT<br><br>**21-Day Deadline** |

Petitioner Omar Mendez-Garcia ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 21, 2023. (Doc. 1).

**Preliminary Screening**

Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

As a general rule, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952,

955 (9th Cir. 2008) (quotations and citations omitted).  Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255.  *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

**Discussion**

By his petition for writ of habeas corpus, Petitioner seeks the award of earned time credits ("ETCs") under the First Step Act, alleging that BOP has improperly denied him such credit because he is the subject of an immigration detainer. (Doc. 1 at 1-3).  Petitioner asserts that if he received ETCs, he "can be released immediately" and asks the Court to enter an order directing BOP to effect "immediate release."  *Id*. at 5.

Petitioner initiated this action while he was housed at USP - Atwater (a correctional facility within the Eastern District of California).  However, a review of the BOP's inmate locater for Petitioner's name and "BOP Register Number" reflects that Petitioner was released from custody on February 9, 2024.[1]  Because he has been released from custody, the Court is unable to grant him the relief he seeks -- specifically, the award of ETCs that would permit Petitioner to seek early or immediate release.  Accordingly, his petition is moot and must be dismissed.  *See Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Johnson v. Matevousian*, 745 Fed. Appx. 780, 781 (9th Cir. 2018) (same); *see also,*

---

[1] *See* www.bop.gov/inmateloc/ (last visited June 20, 2023). *See also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein.")

*e.g., Sila v. Warden*, No. EDCV 22-1632 RSWL (AS), 2023 WL 2504476, at *2-3 (C.D. Cal. Feb 13, 2023) ("Because Petitioner has now been released from BOP custody, the relief sought in the Petition is moot, and no further relief remains to be granted in this case. Indeed, even if Petitioner is currently on supervised release and seeks to apply First Step Act credits to reduce his term of supervised release, that relief is unavailable here") (citing cases).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED, within 21 days of entry of this Order, Petitioner shall show cause in writing why his petition for writ of habeas corpus should not be dismissed for mootness.

Any failure by Petitioner to timely respond to this order will result in the undersigned recommending that this action be dismissed with prejudice.

IT IS SO ORDERED.

Dated: **June 20, 2025**

UNITED STATES MAGISTRATE JUDGE

3