UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MENDEZ-GARCIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>B.M. TRATE,<br><br>　　　　　Respondent. | No. 1:23-cv-00617-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>**14-Day Deadline**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Omar Mendez-Garcia ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 21, 2023. (Doc. 1).

**Preliminary Screening**

Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

As a general rule, 28 U.S.C. § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952,

1

955 (9th Cir. 2008) (quotations and citations omitted). Thus, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011).

In contrast to challenges to the legality of a conviction and sentence, a petition by a federal prisoner challenging the manner, location, or conditions of a sentence's execution is brought under 28 U.S.C. § 2241 in the district of confinement. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

**Discussion**

By his petition for writ of habeas corpus, Petitioner seeks the award of earned time credits ("ETCs") under the First Step Act, alleging that BOP has improperly denied him such credit because he is the subject of an immigration detainer. (Doc. 1 at 1-3). Petitioner asserts that if he received ETCs, he "can be released immediately" and asks the Court to enter an order directing BOP to effect "immediate release." *Id.* at 5.

Petitioner initiated this action while he was housed a FCI – Atwater (a correctional facility within the Eastern District of California). However, a review of the BOP's inmate locater for Petitioner's name and "BOP Register Number" reflects that Petitioner was released from custody on February 9, 2024.[1] Accordingly, on June 20, 2025, the undersigned issued an order to show cause directing Petitioner to respond within 21 days and set forth why the petition should not be dismissed for mootness. (Doc. 6). More than 21 days passed and Petitioner failed to respond. On July 17, 2025, the Court's show cause order was returned "Undeliverable, No Longer at Facility," confirming that Petitioner has been released from custody.

---

[1] *See* www.bop.gov/inmateloc/ (last visited July 25, 2025). *See also Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein.")

1	Because Petitioner has been released from custody, the Court is unable to grant him the
2	relief he seeks -- specifically, the award of ETCs that would permit Petitioner to seek early
3	release.  Accordingly, his petition is moot and must be dismissed.  *See Munoz v. Rowland*, 104
4	F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Johnson v.*
5	*Matevousian*, 745 Fed. Appx. 780, 781 (9th Cir. 2018) (same); *see also, e.g., Sila v. Warden*, No.
6	EDCV 22-1632 RSWL (AS), 2023 WL 2504476, at *2-3 (C.D. Cal. Feb 13, 2023) ("Because
7	Petitioner has now been released from BOP custody, the relief sought in the Petition is moot, and
8	no further relief remains to be granted in this case. Indeed, even if Petitioner is currently on
9	supervised release and seeks to apply First Step Act credits to reduce his term of supervised
10	release, that relief is unavailable here") (citing cases).
11	**Conclusion and Findings/Recommendation**
12	Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a U.S.
13	District Judge to this action.
14	Further, for the reasons stated above, the undersigned HEREBY RECOMMENDS that the
15	petition be dismissed with prejudice as being mooted by Petitioner's release from custody.
16	These Findings and Recommendations will be submitted to the U.S. District Judge
17	assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after
18	being served with a copy of these Findings and Recommendations, Petitioner may file written
19	objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to
20	Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without
21	leave of Court and good cause shown.  The Court will not consider exhibits attached to the
22	Objections.  To the extent Petitioner wishes to refer to any exhibit(s), he should reference the
23	exhibit in the record by its CM/ECF document and page number, when possible, or otherwise
24	reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be
25	disregarded by the U.S. District Judge when reviewing these Findings and Recommendations
26	under 28 U.S.C. § 636(b)(l)(C).  Any failure by Petitioner to file any objections within the
27	specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772
28	///

1  F.3d 834, 839 (9th Cir. 2014).

2  IT IS SO ORDERED.

3  Dated:  **July 25, 2025**

4              UNITED STATES MAGISTRATE JUDGE